UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**JEANNINE H. HOGG**,

       Plaintiff,

vs.

                                        No. CIV 1:97-681 LH/LCS

**KENNETH S. APFEL,**
**Commissioner of Social Security**[1],

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party receives a copy of these Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition. A party must file any objections within the time period allowed if that party desires review by the district court. In the absence of timely-filed objections, no review will be entertained.

### PROPOSED FINDINGS

Plaintiff Jeannine H. Hogg ("Plaintiff") invokes this Court's jurisdiction under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Health and Human Services ("Commissioner"). The Commissioner determined that Plaintiff is not eligible for Supplemental Security Income (SSI) benefits. Plaintiff now moves this Court for an order to

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for Acting Commissioner John J. Callahan as the defendant in this suit.

reverse and remand this matter for a rehearing. (Mot. to Reverse and Remand at 1). This Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

### A. Statement of the Facts

Plaintiff alleges disability due to schizo-affective and bi-polar disorder, and depression. (Mem. Supp. Mot. to Reverse and Remand at 1). At the time of the hearing before the Administrative Law Judge (ALJ), Plaintiff was twenty-eight years old. (Tr. at 14). She has a bachelor's degree and has completed work towards her master's degree. *Id*. Plaintiff's past relevant work was as a teaching assistant, receptionist, dental assistant, cashier, sales clerk and assistant beautician. *Id*. She has not engaged in substantial gainful activity since June 1, 1993. (Tr. at 18).

After holding an administrative hearing, the ALJ found that Plaintiff was not disabled at step four of the sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step evaluation process for determining disability). Specifically, the ALJ determined that Plaintiff had a residual functional capacity (RFC) for performing sedentary and light work with the added limitation of minimal stress, which did not preclude her from returning to her past relevant work as a cashier/sales clerk and assistant beautician . (Tr. at 18). This became the final decision of the Appeals Council on April 25, 1997. (Tr. at 5-6).

### B. The Standard of Review

The function of this Court on review is not to try the plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial

evidence. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Teter v. Heckler*, 775 F.2d 1104, 1105 (10th Cir. 1985).

It is well settled that if there is substantial evidence to support the Commissioner's decision and if the Commissioner applied correct legal standards, then that decision must be upheld. *Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993). This Court will not reweigh the evidence generally, *Hamilton*, 961 F.2d at 1498, nor second-guess the ALJ's credibility determinations, *Williams v. Bowen*, 844 F.2d 748, 755 (10th Cir. 1988). "However, the district court should not blindly affirm the [Commissioner's] decision but must instead scrutinize the entire record to determine if the plaintiff's claim has been fairly evaluated and the law has been correctly applied." *Hogan v. Schweiker*, 532 F.Supp. 639, 642 (D.Colo. 1982).

    **C.**    **The Motion to Reverse and Remand**

In her memorandum brief, Plaintiff makes three arguments to support her motion to reverse and remand. First, she alleges that the ALJ failed in her duty to develop the record by not requesting the most recent medical records before rendering her decision. (Mem. Supp. Mot. to Reverse and Remand at 6-7). Second, Plaintiff contends that the ALJ did not consider the demands of Plaintiff's past relevant work in accordance with controlling law. (Mem. Supp. Mot. to Reverse and Remand at 7-9). Finally, Plaintiff submits that there is no substantial evidence to support the ALJ's finding that Plaintiff can perform her past relevant work given the post-hearing

evidence submitted to the Appeals Council.  (Mem. Supp. Mot. to Reverse and Remand at 10-11).

      a.    **Duty to Develop the Record**

In her first argument, Plaintiff alleges that the ALJ failed in her duty to develop the record by not requesting the most recent medical records before rendering her decision.  (Mem. Supp. Mot. to Reverse and Remand at 6-7).  Essentially, Plaintiff contends that these recent records were available to the ALJ, but that the ALJ nonetheless failed to request their submission.

It is well settled that the ALJ has a duty to develop the record.  *Henrie v. U.S. Department of Health & Human Services*, 13 F.3d 359, 360-61 (10th Cir. 1993).  However, "it is not the ALJ's duty to be the claimant's advocate."  *Id*. at 361.

A review of the record demonstrates that at the time of the administrative hearing, the ALJ inquired of Plaintiff's counsel whether there were any additional exhibits.  (Tr. at 398).  Plaintiff's counsel requested and was granted leave to submit more recent evidence by no later than January 13, 1995.  (Tr. at 398-99).  The record further indicates that Plaintiff's counsel submitted additional medical evidence to the ALJ on at least three occasions prior to the ALJ's written decision.  (Tr. at 180, 190, 237).

Based upon the aforementioned evidence, I find no merit to Plaintiff's argument.  Instead, the record supports the view that the ALJ considered all evidence before her at the time of the ALJ hearing as well as all evidence that was submitted to her by Plaintiff's counsel prior to the written decision.  In fact, the ALJ refers to at least one of these latter submissions in her decision.  (Tr. at 17).  The record further shows that the only evidence not considered by the ALJ were the exhibits provided to the Appeals Council after the ALJ had entered her decision.  (Tr. at 250-

395).

In essence, Plaintiff asks this Court to require the ALJ to ask for evidence on a continuing basis, even after the evidentiary record has been closed. (Mem. Supp. Mot. to Reverse and Remand at 6-7). I reject such a view which, if adopted, would shift the burden of acting as the Plaintiff's advocate from Plaintiff's counsel to the ALJ. This is clearly contrary to *Henrie*, 13 F.3d at 361. Therefore, I recommend rejection of Plaintiff's first argument.

  b.  **Past Relevant Work**

In her second argument, Plaintiff contends that the ALJ failed to consider the demands of Plaintiff's past relevant work in accordance with controlling law. (Mem. Supp. Mot. to Reverse and Remand at 7-9). In this regard, Plaintiff avers that when the ALJ determines that a claimant can return to her past relevant work, the law requires that the ALJ make findings pertaining to the physical and mental demands of that past relevant work *Id*.

Although I agree with Plaintiff on what constitutes the proper analysis, I find that the ALJ did in fact make findings on the physical and mental demands of Plaintiff's past relevant work. (*See* Tr. at 16-17). In her written decision, the ALJ thoroughly discusses the relevant medical evidence before her, as well as Plaintiff's physical and mental limitations. *Id*. After reviewing these matters, the ALJ found that based upon the limitation that Plaintiff cannot deal with more than low levels of stress, Plaintiff could return to her past relevant work as a cashier, sales clerk and assistant beautician. (Tr. at 17). In my view, the ALJ considered the physical and mental demands of Plaintiff's past relevant work in making her step four determination. Consequently, I recommend that Plaintiff's second argument be denied as the basis for remanding this action.

### c.     Consideration of Evidence Submitted to the Appeals Council

Finally, Plaintiff alleges (1) that there is no substantial evidence to support the Commissioner's final decision that Plaintiff can perform her past relevant work when the evidence submitted to the Appeals Council is considered and (2) that the Commissioner failed to follow the "treating physician rule." (Mem. Supp. Mot. to Reverse and Remand at 10-11). This post-ALJ hearing evidence consists of medical records that were before the Appeals Council prior to its final decision, but that were submitted by Plaintiff after the ALJ's written decision.

It is well settled in this circuit that new evidence submitted to the Appeals Council during the time that the Appeals Council is reviewing the ALJ's decision "becomes part of the administration record to be considered when evaluating the [Commissioner's] decision for substantial evidence." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Accordingly, I will consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence.

The new evidence submitted by Plaintiff to the Appeals Council consists of a medical assessment form completed by Dr. Tilyou, the treating physician. There, Dr. Tilyou provides an assessment of "fair" on Plaintiff's abilities regarding several job-related categories. (Tr. at 253-56). According to Plaintiff, Dr. Tilyou's assessments of "fair" are evidence of disability.

In the Tenth Circuit, a medical assessment of "fair" is essentially the same as the listing requirement of "marked." *Cruse v. U.S. Department of Health & Human Services*, 49 F.3d 614. 618 (10th Cir. 1995). A "marked" impairment represents a degree of disability that satisfies two of the four listing requirements. *Id*.

In his assessment of Plaintiff, Dr. Tilyou rated her as "fair" in her ability to relate to co-

workers, her ability to deal with the public, her interactions with supervisors, her ability to function independently, her ability to related predictably in social situations, and in her ability to understand, remember and carry out complex job instructions. (Tr. at 254-55). In that assessment form, the treating physician also provides several notes which detail how Plaintiff's mental impairment would have a substantial effect on her ability to work. (Tr. at 254-56). Thus, there is evidence in the record submitted by the Plaintiff's treating physician that shows evidence of disability.

In her memorandum brief, Plaintiff also contends that the Commissioner erred by rejecting Dr. Tilyou's (the treating physician) findings without providing specific and appropriate reasons. (Mem. Supp. Mot. to Reverse and Remand at 11). It is well settled in this circuit that "[a] treating physician's opinion must be given substantial weight unless good cause is shown to disregard it." *Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 289-90 (10th Cir. 1995). If the treating physician's opinion or findings are disregarded, the Commissioner "must give specific, legitimate reasons" for doing so. *Id*. at 290.

In my view, the Commissioner failed to comply with the treating physician rule. There is no specific discussion about Dr. Tilyou's findings in the record, other than the Appeals Council's curt mention of Dr. Tilyou. (*See* Tr. at 5). In fact, there is no discussion about his mental assessment altogether. This falls far short of the proper legal standard in the Tenth Circuit. *See Goatcher*, 52 F.3d at 289-90. *See also Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (unless good cause is shown to the contrary, the Secretary must give substantial weight to the claimant's treating physician). Therefore, I recommend that this action be remanded to allow for proper consideration of Dr. Tilyou's medical assessment findings. If such findings are rejected, of

course, the ALJ or Commissioner would have to provide specific, legitimate reasons for doing so. *Id*. at 290.

## MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

For the aforementioned reasons, and mindful of the proper standard of review, I find that the Commissioner failed to follow the correct legal standard. Specifically, the Commissioner failed to abide by the treating physician rule. Consequently, I recommend that Plaintiff's motion to reverse and remand be granted and that this cause be remanded for further proceedings consistent with these Proposed Findings and Recommended Disposition.

*[signature]*

Leslie C. Smith
United States Magistrate Judge