# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**JEANNINE H. HOGG**,

      Plaintiff,

vs.

                                                    No. CIV 1:97-681 LH/LCS

**KENNETH S. APFEL,**
**Commissioner of Social Security**[1],

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      Plaintiff Jeannine H. Hogg ("Plaintiff") requested an Order awarding her attorney's fees under the Equal Access to Justice Act (EAJA) 28 U.S.C. Sec. 2412(d) (1997). The EAJA provides in relevant part:

> A Court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in a civil action... brought by or against the United States...unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

      Plaintiff was denied benefits by an Administrative Law Judge. She appealed the ALJ's determination to the Appeals Council, and submitted new evidence, in the form of a medical assessment prepared by her treating physician. The Appeals Council affirmed the ALJ's decision, saying only that the appraisal did not provide a basis for changing the ALJ's decision. Plaintiff

---

[1]Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted for Acting Commissioner John J. Callahan as the defendant in this suit.

then appealed to this Court, which reversed the decision of the Appeals Council, finding that the Commissioner could not reject the medical assessment of a treating physician without providing specific reasons for doing so. The Court accordingly remanded the case back to the Commissioner for further consideration.

Plaintiff contends that the notion that the Commissioner must provide specific and appropriate reasons for rejecting the opinion of a claimant's treating physician is so well-settled that the Appeals Council's failure to do so can never be substantially justified. In response, the Commissioner provided specific and appropriate reasons for rejecting the treating physician's medical assessment, but did not provide justification for the Appeals Council's failure to articulate these reasons. The issue, then, is whether the Appeal's Council's failure to articulate specific and appropriate reasons for discounting a treating physician's opinions (which clearly constitutes reversible error) also constitutes a lack of substantial justification of the government's position for purposes of the EAJA.

An analysis of the law reveals that the Court has discretion in deciding the issue. Courts that have considered this issue have split, *compare Stein v Sullivan*, 966 F.2d 317 (7th Cir. 1992) (failure of an Administrative Law Judge to satisfy requirement that he articulate his consideration of evidence in a disability benefits matter in no way necessitated finding that position of Secretary of Health and Human Services was not "substantially justified" within meaning of EAJA for purposes of award of attorney's fees) *with Gruber v. Bowen,* 673 F.Supp. 970 (W.D.Wis. 1987), *aff'd* 873 F.2d 974 (7th Cir. 1989) (government's position was not substantially justified and warranted award of attorney's fees under EAJA when Administrative Law Judge did not take into account all of the evidence or explain why he did not), and this Court has found no binding

precedent from the 10th Circuit.

      The Court proposes that the Seventh Circuit's approach in *Gruber* be applied here on policy grounds.  One of the policies underlying the EAJA. is to discourage the government from taking actions or positions which have little chance of success and great potential for increasing litigation expenses.  *See Miles v Bowen*, 632 F.Supp. 282 (M.D.Ala. 1986).  Because reversal and remand is virtually automatic when the Commissioner does not explain why it discounts a treating physician's opinions, *see Goatcher v HHS*, 52 F.3d 288 (10th Cir. 1995), the Comissioner's actions in this case meet the first prong of *Miles*; and since, regardless of the final result, the resolution of this case was delayed and made more expensive by the appeal and remand, his actions meet the second prong as well.  Accordingly, I recommend that Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act (docket entry # 16) be GRANTED.

      Within ten days after a party receives a copy of these Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition.  A party must file any objections within the time period allowed if that party desires review by the district court.  In the absence of timely-filed objections, no review will be entertained.

Leslie C. Smith
United States Magistrate Judge

3